1   STEVEN G. KALAR
    Federal Public Defender
2   NED SMOCK
    Assistant Federal Public Defender
3   555 - 12th Street
    Suite 650
4   Oakland, CA 94607-3627
    Telephone:  (510) 637-3500
5   Counsel for Defendant SOLON

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11
    UNITED STATES OF AMERICA,          )    No. CR-10-923 SBA
12                                      )
                       Plaintiff,       )    DEFENDANT'S *UNOPPOSED* MOTION
13                                      )    TO DISMISS PETITION FOR SUMMONS
    vs.                                 )    FOR OFFENDER UNDER SUPERVISION
14                                      )    AND TERMINATE SUPERVISION
    ERNESTO SOLON,                      )
15                                      )
                       Defendant.       )
16  _____)

17

18          On March 12, 2012, Ernesto Solon was sentenced to 24 months custody with one year of

19  supervised release to follow.  He commenced that one-year period of supervised release on

20  November 2, 2013. [Petition for Summons, Docket No. 21.]  Immediately upon his release from

21  custody, Mr. Solon began working for Atlantic Plant Services as a painter and sandblaster on the

22  new Bay Bridge.  He has continued as a full-time employee of Atlantic Plant Services since that

23  time and is currently working on the Richmond Bridge.  Mr. Solon's one-year period of

24  supervised release was scheduled to end on November 2, 2014.  Mr. Solon was alleged to have

25  submitted a urinalysis test that was positive for cocaine on September 23, 2014.  United States

26  Probation submitted a request for a summons alleging a violation of the standard condition that

1   Mr. Solon refrain from any unlawful use of a controlled substance.  That petition was signed, and

2   a summons was issued by the Court, on November 3, 2014.  The issuance of the summons

3   occurred the day after the end of Mr. Solon's period of supervised release.  For the reasons set

4   forth below, the petition must be dismissed because Mr. Solon's term of supervised release

5   expired prior to the issuance of the summons.

6        There are circumstances when an alleged violation that occurred prior to the expiration of

7   the term of supervised release can be adjudicated following the expiration of that term, but those

8   circumstances are not present here.  The relevant legal standard is set forth at 18 U.S.C. §

9   3583(i):

10       (i) Delayed revocation.--The power of the court to revoke a term of supervised
         release for violation of a condition of supervised release, and to order the
11       defendant to serve a term of imprisonment and, subject to the limitations in
         subsection (h), a further term of supervised release, extends beyond the expiration
12       of the term of supervised release for any period reasonably necessary for the
         adjudication of matters arising before its expiration *if, before its expiration, a*
13       *warrant or summons has been issued on the basis of an allegation of such a*
         *violation.*

14   18 U.S.C. §3583(i) (emphasis added).  In other words, unless a warrant or summons was issued

15   *before the expiration of the term of supervised release*, this Court has no power to revoke the

16   term of supervised release.  *See, e.g.*, *U.S. v. Ceballos-Santa Cruz*, 756 F.3d 635, 637 n.2 (8th

17   Cir. 2014) ("Pursuant to 18 U.S.C. § 3583(i), a court can revoke a term of supervised release

18   after the term has expired, so long as the violation occurred *and the warrant alleging the*

19   *violation* issued before the expiration of the term of supervised release") (emphasis added).

20       In this case, Mr. Solon's term of supervised release expired on November 2, 2014.  The

21   summons alleging a violation was not issued until November 3, 2014, the day after the expiration

22   of the term of supervised release.  Because the summons was issued after the expiration of the

23   term of supervised release, the Court has no power to revoke the term of supervised release.  The

24   term has expired and Mr. Solon is no longer under this Court's subject matter jurisdiction.

25       This is an unopposed motion.  The undersigned has discussed this matter with both the

26

assigned probation officer, Richard Brown, and the assigned Special Assistant United States

Attorney, Tai Milder.  Accordingly, the defendant asks that this Court sign the attached proposed

order and remove the matter from the January 14, 2015 calendar.


Dated: January 8, 2015

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender

/s/ Ned Smock

NED SMOCK
Assistant Federal Public Defender

**ORDER**

For the reasons set forth in the unopposed motion above, the Court ORDERS as follows:

The Petition for Summons for Offender Under Supervision at Docket No. 21 is DISMISSED.

Mr. Solon's term of supervised release has expired and this Court no longer has jurisdiction in

this matter.  The admission/disposition of supervised release violation hearing currently

scheduled for January 14, 2015 shall be removed from this Court's calendar.

IT IS SO ORDERED.

Date: January 12, 2015

_____
HON. SAUNDRA BROWN ARMSTRONG
United States District Judge